IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

**ELIZABETH JONES, as Administrator
of the Estate of Juan Markee Jones,
Deceased**

        Plaintiff,

v.                                    Civil Action No. 4:20-cv-00020

**THE CITY OF DANVILLE,
Officers Christopher S. Simpkins and
David J. Branch, in their
official and individual capacities,**

        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, these Defendants respectfully move this Court for an order striking from the Plaintiff's Complaint certain immaterial, impertinent, or scandalous matter.

Rule 12(f) provides, in part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See, e.g., Bocock v. Specialized Youth Servs. of Va., 2015 U.S. Dist. LEXIS 47005, *7, 2015 WL 1611387 (W.D. Va. April 10, 2015). "An immaterial averment is one 'that alleges something in needless detail' or a statement that 'goes far beyond what is in issue, as by mentioning irrelevancies.'" Id. 9-10, *quoting* Black's Law Dictionary 163 (10th ed. 2014) In determining whether to grant a motion to strike, the court "enjoys wide discretion . . . in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." Haley Paint Co. v. E.I. du Pont de Nemours & Co., 279 F.R.D. 331,

336 (D. Md. 2012).

While "Rule 12(f) motions are generally viewed with disfavor," Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001), "the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations, i.e., those that improperly cast a derogatory light on someone." Asher & Simons, P.A. v. J2 Global Canada, Inc., 965 F. Supp. 2d 701, 702 (D. Md. 2013) (citation omitted), partial reconsideration on other grounds, 977 F. Supp. 2d 544 (D. Md. 2013).

> I. Paragraphs 1 through 11 of Plaintiff's Complaint should be stricken because they bear no relation whatsoever to the persons, actions or omissions alleged to give rise to this suit, and are immaterial and impertinent.

In the first eleven paragraphs of Plaintiff's Complaint, Plaintiff sets forth events from a hugely popular fictional television series that have no nexus in reality with the persons, acts or omissions alleged to give rise to this suit. There are some 800,000 police officers in the United States. The decade-old television fiction of a few corrupt Baltimore police officers concocting a story to justify and excuse their illegal actions, in the era before routine police use of body-mounted cameras, is patently unrelated to the events of April 8, 2018, at 205 Sunset Drive, Danville, Virginia. The allegations of paragraph 1 to 11 thus constitute statements that go beyond what is in issue and not only mention, but seek to build a case on, irrelevancies. These paragraphs are immaterial and impertinent and should thus be stricken.

> II. Paragraphs 17 through 24 and paragraph 65 of Plaintiff's Complaint should be stricken because they are unfounded and scandalous, and their sole purpose is to improperly cast a derogatory light on these Defendants.

In paragraphs 17 through 24 and paragraph 65 of the Complaint, Plaintiff makes numerous

unfounded and scandalous statements concerning the motives, emotions or state of mind of law enforcement and legal officials, the sole purpose of which is to cast these persons in a derogatory light. For example, in paragraph 65, Plaintiff alleges that "the Commonwealth Attorney was untroubled by Officers Simpkins and Branch shooting an unarmed man in the back." Plaintiff has no reasonable basis for this assertion, or for the other assertions in paragraphs 17 to 24 of which Plaintiff has no knowledge, personal or otherwise. Besides being impertinent and immaterial to the issues to be decided herein, the allegations set forth are unfounded, and serve only to scandalize these persons in the performance of their duties, and cast them in an inflammatory and derogatory light.

### III. Paragraphs 61 and 62 of Plaintiff's Complaint are impertinent and should be stricken.

Plaintiff concedes in paragraph 63 of the Complaint that Juan Jones's cause of death was "gunshot wounds of chest." Nevertheless, Plaintiff seeks in paragraphs 61 and 62 to build a case on the finding that Jones also sustained a wound to his back. The sole purpose of paragraphs 61 and 62 is to confuse the facts and issues before this Court, as Juan Jones's cause of death is not in dispute. These paragraphs should be stricken as impertinent and immaterial.

Accordingly, and for the reasons set forth herein, the striking of the abovementioned portions of Plaintiff's Complaint is appropriate and the Motion to Strike should be granted in favor of the Defendants.

CITY OF DANVILLE
CHRISTOPHER S. SIMPKINS
and
DAVID J. BRANCH
By Counsel

Counsel:

/s/ *James A. L. Daniel*
James A. L. Daniel, Esq. (VSB No. 03881)
Martha White Medley, Esq. (VSB No. 21171)
Michael A. Nicholas, Esq. (VSB No. 80749)
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Telephone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
*Counsel for Defendants*

## CERTIFICATE OF COUNSEL

I hereby certify that on this 23rd day of June, 2020, I electronically filed the foregoing Memorandum of Law in Support of Motion to Strike with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, Thomas N. Sweeney, Esq., Messa and Associates, P.C., 123 S. 22nd Street, Philadelphia, PA 19103.

/s/ *James A. L. Daniel*
James A. L. Daniel