IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

**ELIZABETH JONES, as Administrator
of the Estate of Juan Markee Jones,
Deceased**

        Plaintiff,

                                      Civil Action No. 4:20-cv-00020

v.

**THE CITY OF DANVILLE,
Officers Christopher S. Simpkins and
David J. Branch, in their
official and individual capacities,**

        Defendants.

## ANSWER TO COMPLAINT

COME NOW DEFENDANTS, the City of Danville, Officer Christopher S. Simpkins and Officer David J. Branch, by counsel, denying that they are liable to Plaintiff in any sum under any legal theory of recovery, and for their answer aver as follows:

1. These Defendants submit that, while *The Wire* may be a great work of fiction, the excerpt therefrom as cited in paragraph 1 of Plaintiff's Complaint bears no relevance to these Defendants or to the facts of the claims that Plaintiff alleges, and serves no purpose but to distort and sensationalize the events alleged to give rise to this suit.

2. The inaccurate statement of the United States Supreme Court's finding in Tennessee v. Garner, 471 U.S. 1 (1985), as articulated in paragraph 2 of Plaintiff's Complaint, does not require an answer of these Defendants. To the extent the statement seeks to impute liability on the part of any Defendant herein, it is denied.

3. The inaccurate and inflammatory statement of the United States Supreme Court's holdings in <u>Tennessee v. Garner</u> and <u>Graham v. Connor</u>, 490 U.S. 386 (1989), as articulated in paragraph 3 of Plaintiff's Complaint, does not require an answer of these Defendants. To the extent the statement seeks to impute liability on the part of any Defendant herein, it is denied.

4. The inaccurate and inflammatory allegations of paragraph 4 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent such allegations seek to impute liability on the part of any Defendant herein, they are denied.

5. The inaccurate and inflammatory allegations of paragraph 5 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent such allegations seek to impute liability on the part of any Defendant herein, they are denied.

6. The inflammatory and irrelevant allegations of paragraph 6 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent an answer may be required, these Defendants deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

7. The inflammatory and irrelevant allegations of paragraph 7 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent such allegations seek to impute liability on the part of any Defendant herein, or to insinuate that any act or omission by these Defendants was a violation of the Constitution, those allegations are denied.

8. The irrelevant allegations of paragraph 8 of Plaintiff's Complaint do not require an answer of these Defendants, and serve no purpose but to distort and sensationalize the events alleged to give rise to this suit in an attempt to lend legitimacy to Plaintiff's frivolous claims. To the extent those allegations seek to impute liability, or insinuate that any act or

omission by these Defendants was a violation of the Constitution, those allegations are denied.

9. The allegations of paragraph 9 of Plaintiff's Complaint are denied. The allegations of paragraph 9 of Plaintiff's Complaint are frivolous and lack any reasonable foundation in law or in fact.

10. The allegations of paragraph 10 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent such allegations seek to impute liability on the part of any Defendant herein, they are denied.

11. The allegations of paragraph 11 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent such allegations seek to impute liability on the part of any Defendant herein, they are denied.

12. It is admitted that early on April 8, 2018, several officers of the Danville Police Department ("DPD"), including the individual Defendant Officers, assembled at 205 Sunset Drive, Danville, Virginia, in response to a second 911 call from Shantaria Plunkett, Juan Jones' girlfriend, seeking assistance with a belligerent Jones who was kicking in her door, the first 911 call having been placed a short while earlier that night by Plunkett alleging Jones had assaulted, battered and choked her.

13. It is admitted that Jones drove to a wooded area. All other allegations of paragraph 13 of Plaintiff's Complaint are denied as only the deceased could know his intention in driving to the area.

14. The allegations of paragraph 14 of Plaintiff's Complaint are admitted.

15. It is admitted that a DPD officer deployed his taser. All other allegations in paragraph 15 of Plaintiff's Complaint are denied.

16. It is admitted that, after Mr. Jones ignored numerous commands to show his hands, took up a bladed stance, and then suddenly made a threatening move towards the officers, two of the officers fired their duty weapons, striking Mr. Jones twice. All other allegations in paragraph 16 of Plaintiff's Complaint seeking to impute liability to any Defendant herein are denied.

17. It is admitted that one of the rounds fired struck Jones in the chest and another in the back, and that shots were fired after Jones made a threating move. All other allegations in paragraph 17 of Plaintiff's Complaint are denied.

18. It is admitted that a thorough investigation by the Commonwealth Attorney's office concluded that the Defendant officers had acted appropriately. All other allegations in paragraph 18 of Plaintiff's Complaint are denied.

19. The allegations of paragraph 19 of Plaintiff's Complaint are admitted.

20. The allegations of paragraph 20 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent those allegations seek to impute wrongdoing or liability on the part of any Defendant herein, they are denied

21. The allegations of paragraph 21 rest on an inaccurate interpretation of law and inaccurate statement of the facts of this case. To the extent the allegations of paragraph 21 seek to impute liability to any Defendant herein, they are denied.

22. The allegations of paragraph 22 of Plaintiff's Complaint are denied.

23. The allegations of paragraph 23 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent the allegations of paragraph 23 seek to impute liability to any Defendant herein, they are denied.

24. The allegations of paragraph 24 of Plaintiff's Complaint are admitted.

25. The allegations of paragraph 25 of Plaintiff's Complaint are denied as articulated. To the extent Mr. Jones was denied a hearing, he was the sole architect of that denial. Further, to the extent the allegations of paragraph 25 seek to impute liability to any Defendant herein, they are denied.

26. The allegations of paragraph 26 of Plaintiff's Complaint are denied. The allegations of paragraph 26 of Plaintiff's Complaint are frivolous and lack any reasonable foundation in law or in fact.

27. The allegations of paragraph 27 of Plaintiff's Complaint are denied. The allegations of paragraph 27 of Plaintiff's Complaint lack any reasonable foundation in law or in fact.

28. These Defendants admit that Plaintiff seeks damages as alleged in paragraph 28 of Plaintiff's Complaint. The remaining allegations of paragraph 28 of Plaintiff's Complaint are denied.

29. These Defendants do not contest that Plaintiff has brought the instant action under a claim of right under the Constitution and laws of the United States and of the Commonwealth of Virginia. The remaining allegations of paragraph 29 of Plaintiff's Complaint are denied.

30. These Defendants do not contest that this court has subject matter jurisdiction over claims and controversies that properly arise under federal law. However, these Defendants deny that Plaintiff has appropriately pled or alleged a case arising under federal law. These Defendants reserve the right to contest that a particular federal cause of action is appropriate in the instant matter.

31. These Defendants do not contest that this court has supplemental jurisdiction over state law claims. However, these Defendants deny that Plaintiff has appropriately pled a case for

supplemental jurisdiction and reserve the right to contest that a particular cause of action in the instant matter is properly before the court.

32. These Defendants do not contest that venue is proper in the Danville Division of the Western District of Virginia if this court has proper jurisdiction over the events concerning Plaintiff. These Defendants deny that Plaintiff has properly pled a cause of action sufficient to invoke the jurisdiction of this court and reserve the right to contest the jurisdiction of this court on any issue raised by Plaintiff's Complaint.

33. These Defendants are without sufficient information to admit or deny the allegations of paragraph 33 of Plaintiff's Complaint and demand strict proof thereof.

34. These Defendants are without sufficient information to admit or deny the allegations of paragraph 34 of Plaintiff's Complaint and demand strict proof thereof.

35. The allegations of paragraph 35 of Plaintiff's Complaint are admitted.

36. The allegations of paragraph 36 of Plaintiff's Complaint are admitted.

37. The allegations of paragraph 37 of Plaintiff's Complaint are admitted.

38. The allegations of paragraph 38 of Plaintiff's Complaint are admitted.

39. The allegations of paragraph 39 of Plaintiff's Complaint are admitted.

40. The allegations of paragraph 40 of Plaintiff's Complaint are admitted.

41. The allegations of paragraph 41 of Plaintiff's Complaint are admitted.

42. The allegations of paragraph 42 of Plaintiff's Complaint are admitted.

43. The allegations of paragraph 43 of Plaintiff's Complaint are admitted.

44. The allegations of paragraph 44 of Plaintiff's Complaint are admitted.

45. The allegations of paragraph 45 of Plaintiff's Complaint are denied as articulated. These Defendants deny that the DPD policies, or officers' conduct in compliance with such policies, are in any way unconstitutional.

46. The allegations of paragraph 46 of Plaintiff's Complaint are admitted.

47. The allegations of paragraph 47 of Plaintiff's Complaint are admitted.

48. The allegations of paragraph 48 of Plaintiff's Complaint are denied as articulated. It is admitted that the City of Danville is named as a defendant in this suit in an individual capacity and in its capacity as an employer of Officers Branch and Simpkins. All other allegations of paragraph 48 of Plaintiff's Complaint are denied.

49. The allegations of paragraph 49 of Plaintiff's Complaint are admitted.

50. The allegations of paragraph 50 of Plaintiff's Complaint are denied as articulated. It is admitted that officers from the DPD responded to the 911 call and approached Juan Jones. The officers attempted to speak with Mr. Jones, but he ignored them and got into his vehicle.

51. It is admitted as alleged in paragraph 51 of Plaintiff's Complaint that Officers Simpkins and Branch pursued Jones. These Defendants further allege that several other officers joined Branch and Simpkins in the pursuit.

52. It is admitted that, after ignoring several commands from officers to exit his vehicle, Jones then drove the vehicle to the wooded area as alleged in paragraph 52 of Plaintiff's Complaint, as his path was obstructed by police vehicles.

53. The allegations of paragraph 53 of Plaintiff's Complaint are admitted.

54. It is admitted that, after ignoring officers' repeated commands to exit the vehicle, Jones eventually exited the vehicle as alleged in paragraph 54 of Plaintiff's Complaint.

55. It is admitted that, after Jones ignored officers' repeated commands to show his hands to confirm he had no weapon, the officers attempted to gain his compliance by using a Taser as alleged in paragraph 55 of Plaintiff's Complaint.

56. It is admitted that, after Jones ignored numerous commands to show his hands, took up a bladed stance, and then suddenly made a threatening move towards the officers, two of the officers fired their duty weapons, striking Jones twice.

57. The allegations of paragraph 57 of Plaintiff's Complaint are admitted.

58. The allegations of paragraph 58 of Plaintiff's Complaint are admitted.

59. The allegations of paragraph 59 of Plaintiff's Complaint are admitted.

60. The allegations of paragraph 60 of Plaintiff's Complaint are admitted.

61. The allegations of paragraph 61 of Plaintiff's Complaint, which excerpts only a portion of the autopsy report out of context, are admitted. These Defendants affirmatively state that the autopsy report documented that a gunshot wound to the chest was the sole cause of death.

62. The allegations of paragraph 62 of Plaintiff's Complaint, which excerpts only a portion of the autopsy report out of context, are admitted. These Defendants affirmatively state that the autopsy report documented that a gunshot wound to the chest was the sole cause of death.

63. The allegations of paragraph 63 of Plaintiff's Complaint are admitted. These Defendants aver that the autopsy report, which documented a gunshot wound to the chest as the sole cause of death, speaks for itself.

64. The allegations of paragraph 64 of Plaintiff's Complaint are admitted.

65. The allegations of paragraph 65 of Plaintiff's Complaint constitute an unsubstantiated opinion for which an answer is not required by these Defendants. However, to the extent the allegations of paragraph 65 seek to impute liability to any defendant herein, they are denied.

66. These Defendants incorporate each and every answer set forth above.

67. The allegations of paragraph 67 of Plaintiff's Complaint are denied.

68. The allegations of paragraph 68 of Plaintiff's Complaint are denied.

69. The allegations of paragraph 69 of Plaintiff's Complaint are denied.

70. The allegations of paragraph 70 of Plaintiff's Complaint are denied.

71. These Defendants admit that Plaintiff seeks damages as alleged in paragraph 71 of Plaintiff's Complaint. These Defendants deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

72. These Defendants incorporate each and every answer set forth above.

73. The allegations of paragraph 73 of Plaintiff's Complaint do not require an answer from these Defendants. To the extent an answer may be required, these Defendants deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

74. These Defendants admit that Plaintiff seeks damages as alleged in paragraph 74 of Plaintiff's Complaint. These Defendants deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

75. These Defendants incorporate each and every answer set forth above.

76. The allegations of paragraph 76 of Plaintiff's Complaint are a legal conclusion that do not require an answer of these Defendants. To the extent the allegations of paragraph 76 of Plaintiff's Complaint seek to impute liability to any defendant herein, they are denied.

77. The allegations of paragraph 77 of Plaintiff's Complaint are denied.

78. The allegations of paragraph 78 of Plaintiff's Complaint are denied.

79. These Defendants deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

80. These Defendants incorporate each and every answer set forth above.

81. The allegations of paragraph 81 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent an answer may be required, these Defendants deny that they breached any duty to Plaintiff, and further deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

82. The allegations of paragraph 82 of Plaintiff's Complaint are denied.

83. The allegations of paragraph 83 of Plaintiff's Complaint are denied.

84. The allegations of paragraph 84 of Plaintiff's Complaint are a legal conclusion that do not require an answer of these Defendants. To the extent the allegations of paragraph 84 of Plaintiff's Complaint seek to impute liability to any defendant herein, they are denied.

85. The allegations of paragraph 85 of Plaintiff's Complaint are denied.

86. The allegations of paragraph 86 of Plaintiff's Complaint are denied.

87. These Defendants incorporate each and every answer set forth above.

88. The allegations of paragraph 88 of Plaintiff's Complaint are admitted.

89. The allegations of paragraph 89 of Plaintiff's Complaint are denied.

90. The allegations of paragraph 90 of Plaintiff's Complaint are denied.

91. The allegations of paragraph 91 of Plaintiff's Complaint are denied.

92. The allegations of paragraph 92 of Plaintiff's Complaint are denied.

93. The allegations of paragraph 93 of Plaintiff's Complaint are a legal conclusion that do not require an answer of these Defendants. To the extent the allegations of paragraph 93 of Plaintiff's Complaint seek to impute liability to any defendant herein, they are denied.

94. The allegations of paragraph 94 of Plaintiff's Complaint are denied.

95. The allegations of paragraph 95 of Plaintiff's Complaint as articulated are denied. These Defendants affirmatively state that there was no unconstitutionality, ratified or not, in the officers' conduct of the Defendant Officers in the events allegedly giving rise to this suit.

96. The allegations of paragraph 96 of Plaintiff's Complaint are denied.

97. The allegations of paragraph 97 of Plaintiff's Complaint are denied.

98. These Defendants incorporate each and every answer set forth above.

99. The allegations of paragraph 99 of Plaintiff's Complaint are denied.

100. The allegations of paragraph 100 of Plaintiff's Complaint are denied.

## Affirmative Defenses

1. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of Sovereign Immunity.

2. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of Qualified Immunity.

3. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the failure of Plaintiff to give proper statutory notice under Virginia Code §15.2-209.

4. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the decedent's sole negligence in causing the events/injury which lead to his death.

5. These Defendants affirmatively assert that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request for injunctive relief.

6. These Defendants affirmatively assert that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request for punitive damages. These Defendants further affirmatively state that, even if punitive

damages may be awarded, that such damages are limited by Virginia Code §8.01-38.1.

      7.      These Defendants affirmatively state that Plaintiff's claims are, in part, frivolous and without any reasonable foundation or support in law or in fact, as articulated in Defendants' answers above. These Defendants affirmatively request that any such frivolous and patently unmeritorious allegation be dismissed with prejudice, that Defendants be awarded their attorney's fees and costs with respect to any such frivolous allegation, and that the court enter an order sanctioning Plaintiff for filing any such frivolous allegation.

WHEREFORE, these Defendants pray that judgment be entered in their favor, that Plaintiff's Complaint be dismissed with prejudice, that Defendants be awarded their attorney's fees and costs, and provided whatever other relief the Court deems equitable and just.

                                          CITY OF DANVILLE

                                          CHRISTOPHER S. SIMPKINS

                                          and

                                          DAVID J. BRANCH

                                          By Counsel

Counsel:

/s/ *James A. L. Daniel*
James A. L. Daniel, Esq. (VSB No. 03881)
Martha White Medley, Esq. (VSB No. 21171)
Michael A. Nicholas, Esq. (VSB No. 80749)
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Telephone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
*Counsel for Defendants*

## CERTIFICATE OF COUNSEL

I hereby certify that on this 23rd day of June, 2020, I electronically filed the foregoing Answer to Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, Thomas N. Sweeney, Esq., Messa and Associates, P.C., 123 S. 22nd Street, Philadelphia, PA 19103.

/s/ *James A. L. Daniel*
James A. L. Daniel