IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ELIZABETH JONES, as Administrator of the Estate of Juan Markee Jones, deceased, : : : : | |
| Plaintiff, : : | Civil Action No:4:20-cv-00020 |
| v. : : | |
| CITY OF DANVILLE, Officers Christopher S. Simpkins, and David J. Branch, in their official and individual capacities, : : : : : : | |
| Defendants. : : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO STRIKE**

Last month, in *Estate of Jones v. City of Martinsburg*, the United States Court of Appeals for the Fourth Circuit decried the police killing of a different black man named Jones and exclaimed, "This has to stop." 961 F.3d 661, ___, 2020 U.S. App. LEXIS 18136 *25 (June 9, 2020). The Fourth Circuit recognized the continuing problem that deadly police shootings continue to pose. *Id*. This case presents facts similar to those found in *City of Martinsburg*.

But, through this Motion, Defendants ask this Court to strike twenty paragraphs of Plaintiff's 100-paragraph Complaint that address the police shooting the back of an unarmed black Virginian. Defendants seek to sanitize a Complaint for which they have already filed an Answer. [ECF No. 10]. As to the allegedly offending paragraphs, Defendants have already responded that they "do[] not require an answer of these Defendants." [*Id*., Defts' Answer ¶¶2-11]. Defendants' acknowledgement that they do not need to answer these averments should end the analysis for purposes of this Motion.

1

In Paragraph 17 of the Complaint, Plaintiff alleges, "Though the officers shot the unarmed Jones in the back, to no one's surprise, they claimed they shot him in the back when he turned towards the officers in a 'threatening' manner." Defendants answer that averment, "It is admitted that one of the rounds fired struck Jones in the chest and another in the back, and that shots were fired after Jones made a threatening move." *Id.* Defendants ask to strike allegations that they admit. Because Defendants have answered the Complaint, the entire Motion is moot. *Id.*

Defendants even ask this Court to strike the allegations of the Complaint which quote the autopsy report. Defendants do not cite to a single case which supports the proposition that quotations from an autopsy report are irrelevant in a police shooting case.

This Court should also deny this Motion because the portions of the Complaint the Defendants seek to eliminate relate to the intersection of well-settled constitutional precepts set forth in *Tennessee v. Garner*, 471 U.S. 1 (1985) and *Graham v. Connor*, 490 U.S. 386 (1989). Defendants claim in their Answer that Plaintiff's citation in her Complaint to these U.S. Supreme Court cases is "inflammatory." Defendants even claim in their Motion that reference to these seminal cases, which set the bounds of constitutional police conduct, is "immaterial," "impertinent" and "scandalous." There is nothing inflammatory, impertinent, or scandalous about these precedents.

Defendants also object to Plaintiff's reference to the fictional television show *The Wire*. Plaintiff cites to a single scene to illustrate how police claim to fear for their own safety to attempt to justify unconstitutional actions. This phenomenon is so well understood that it is memorialized in a fictional television show. In light of the recent warnings from the Fourth Circuit in *City of Martinsburg*, police shootings of black men are a serious problem. Plaintiff's references to Supreme Court precedents and a discrete scene from a fictional television show are not.

### A. This Court Should Deny Defendants' Request to Strike Plaintiff's References to Supreme Court Precedent

Paragraphs 2, 3, 4, 5, 20 and 21 of Plaintiff's Complaint directly reference the U.S. Supreme Court cases *Tennessee v. Garner* and *Graham v. Connor*. Defendants do not cite to any cases which indicate that referencing Supreme Court cases in Complaints is impermissible.

### B. Plaintiff's Reference to a Scene from *The Wire* Does Not Violate Rule 8

Citations to fiction is a common occurrence in federal court. *See Chiafalo v. Washington*, 591 U.S. _____, at 3 (July 6, 2020)(referencing HBO's *Veep* and Broadway's *Hamilton* in faithless electors case); *United States v. Watson*, 423 U.S. 411, 438 (1976) (quoting Hamlet's admonition to Ophelia in Shakespeare's *Hamlet*, "Get thee to a nunnery, go.")(Marshall, J., dissenting). There is nothing about citing to a fictional dialogue involving criminal procedure from *The Wire* which prejudices Defendants in any way. They have answered averments 1, 8 and 10 in the Complaint. The "reasonableness" of police officers' shooting an unarmed black man in the back is the essential question this Court will have to decide when they inevitably seek protection under the qualified immunity doctrine. The scene from *The Wire* evidences how well-known it is for a police officer to justify his actions so long as he articulates a concern for his/her safety. Defendants have already stated in their Answer that unarmed Juan Jones "suddenly made a threatening move towards the officers." Such a response was predictable, so predictable that one need only watch the first season of *The Wire* to find such a prediction.

### C. This Court Should Not Strike Purely Factual Averments in Paragraphs 17-24 and 61, 62 and 65

Defendants ask this Court to strike other averments which are purely factual in nature. Defendants do ask this Court to strike averments to the fact that Juan Jones sustained a gunshot wound to the back. There is nothing confusing or immaterial about the fact that the officers shot

3

an unarmed black man in the back. For example, Defendants ask that the findings of the Assistant Chief Medical Examiner Sara Ohanessian, M.D. be stricken. Plaintiff alleged in her Complaint as follows:

> 61. Dr. Ohanessian found:
>
> Indeterminate range penetrating gunshot wound of the chest. Centered at the left upper aspect of the back, 11 ½" from the top of the head and 6½" left of the midline is a round ½" diameter gunshot entrance wound with a 1/16" rim of abrasion. There is no stippling or soot deposition on the surface of the skin. The bullet makes a hemorrhagic wound tract through the subcutaneous tissue, fractures the left scapula, left posterior third rib, left lateral second rib and left anterior first rib transects the left subclavian artery and vein and deposits within the soft tissue and musculature of the left anterior chest wall where a deformed medium-caliber copper-jacketed bullet along with three lead fragments and one copper jacket fragment are recovered. Associated injury includes of 500 cc of blood within the left pleural cavity. The direction of wounding is back to front and left to right with no significant up-down deviation with the body in standard anatomic position.
>
> 62. Dr. Ohanessian drew a diagram showing the gunshot wound entrance on Jones' back:



There is nothing improper in quoting Dr. Ohanessian and including her drawing of the wound to Juan Jones' back. Moreover, in Paragraph 18, Plaintiff asserts, "Predictably, the Commonwealth's Attorney investigating this tragedy found nothing wrong with the officers' conduct." This is an entirely true statement. The Commonwealth's Attorney found nothing wrong with the officers' conduct. In their Answer, Defendants stated, "It is admitted that a thorough investigation by the Commonwealth's Attorney's office concluded that the Defendant officers had acted appropriately." [ECF 10]. While Defendants do not have to adopt Plaintiff's phrasing, there is no reason to strike a paragraph to which they largely admit.

Because there is nothing improper with Plaintiff's Complaint, Plaintiff requests that Defendants' Motion to Strike be denied.

Respectfully submitted,

By:   /s/ *Thomas N. Sweeney*
Thomas N. Sweeney (VSB No. 94276)
**MESSA & ASSOCIATES, P.C**.
123 S. 22nd Street
Philadelphia, PA 19103
Ph:   215-568-3500
Fax:  215-568-3501
tsweeney@messalaw.com
Attorneys for Plaintiff

Dated: July 7, 2020

## CERTIFICATION OF COUNSEL

I hereby certify that on July 7, 2020, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel of record for all parties.

*/s/ Thomas N. Sweeney*
Thomas N. Sweeney (VSB No. 94276)
**MESSA & ASSOCIATES, P.C**.
123 S. 22nd Street
Philadelphia, PA 19103
Ph:     215-568-3500
Fax:    215-568-3501
tsweeney@messalaw.com
Attorneys for Plaintiff
