IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

ELIZABETH JONES, as Administrator
of the Estate of Juan Markee Jones,
Deceased

        Plaintiff,

                                                                                 Civil Action No. 4:20-cv-00020

v.

THE CITY OF DANVILLE,
Officers Christopher S. Simpkins and
David J. Branch, in their
official and individual capacities,

        Defendants.

### DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

COME NOW your Defendants, the City of Danville, Officer Christopher S. Simpkins and Officer David J. Branch, by counsel, and file this their Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike from the Plaintiff's Complaint certain immaterial, impertinent, or scandalous matter.

Plaintiff's assertion of the "mootness" of the Motion in light of these Defendants' thereafter filing an answer is misguided. The text of Rule 12(f) of the Federal Rules of Civil Procedure authorizes a strike upon motion "made" – not adjudicated – "before responding to a pleading." These Defendants are within their rights to file the Motion and then answer Plaintiff's Complaint on the same day in order to avoid protracted litigation. *See, e.g.,* Xerox Corp. v. ImaTek, Inc., 220 F.R.D. 241, 243 (D. Md. 2003), 2003 U.S. Dist. LEXIS 24768, *3, citing 5A Charles Alan

Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure,*, § 1380 (holding that a motion to strike was not rendered moot by the fact that plaintiff filed an answer to the counterclaim on the same day it filed the motion to strike). These Defendants filed an answer within the required time frame in good faith, after filing the Motion to Strike. Moreover, Rule 12(f) of the Federal Rules of Civil Procedure permits the Court "upon its own initiative at any time," to strike from any pleading any material that is immaterial, scandalous or impertinent." Fed. R. Civ. P. 12(f). Plaintiff's argument for mootness is thus without merit, and Plaintiff must therefore show on the merits why its immaterial, inflammatory and prejudicial pleadings should not be stricken.

Plaintiff's claim in the Memorandum is that "Defendants ask this Court to strike twenty paragraphs of Plaintiff's 100-paragraph Complaint that address the police shooting…" To the contrary, it is precisely because so many paragraphs of Plaintiff's Complaint do not address any police shooting whatsoever and have no relationship to any facts, persons or entities that are the subject of this suit that Defendants filed their Motion. Instead, Plaintiff dedicates paragraph after paragraph to recitation of a fictional plotline that bears no resemblance to the one at hand, with the sole purpose of framing these Defendants in a malicious and corrupt light. If it is "predictable" that these Defendant officers cited threatening motions on the decedent's part as the reason for discharging their weapons, that is because the body-mounted cameras worn by the officers have already told that story – an aspect of this case that is not paralleled in the sensational television drama on which Plaintiff seeks to rely as a shorthand to make a case.

Plaintiff assumes a wide discretion to editorialize pleadings by use of literary excerpts and tropes. However, this Court "enjoys wide discretion . . . in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." Haley Paint Co. v. E.I. du Pont de Nemours & Co., 279 F.R.D. 331, 336 (D. Md. 2012). Here, where allegations are immaterial to the

claims herein, prejudicial to the Defendants, and offered for the purpose of cynical and inflammatory exploitation of injustice that has befallen other persons, this Court should exercise its discretion to strike those allegations from the pleadings.

Accordingly, for the reasons set forth herein and in the Defendants' Memorandum of Law in Support of the Motion to Strike, the striking of the abovementioned portions of Plaintiff's Complaint is appropriate and the Motion to Strike should be granted in favor of the Defendants.

                                 CITY OF DANVILLE

                                 CHRISTOPHER S. SIMPKINS

                                 and

                                 DAVID J. BRANCH

                                 By Counsel

Counsel:

/s/ *James A. L. Daniel*
James A. L. Daniel, Esq. (VSB No. 03881)
Martha White Medley, Esq. (VSB No. 21171)
Michael A. Nicholas, Esq. (VSB No. 80749)
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Telephone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
*Counsel for Defendants*

## CERTIFICATE OF COUNSEL

I hereby certify that on this 14th day of July, 2020, I electronically filed the foregoing Reply with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, Thomas N. Sweeney, Esq., Messa and Associates, P.C., 123 S. 22nd Street, Philadelphia, PA 19103.

/s/ *James A. L. Daniel*
James A. L. Daniel