IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ELIZABETH JONES, as Administrator of the Estate of Juan Markee Jones, Deceased<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF DANVILLE, Officers Christopher S. Simpkins and David J. Branch, in their official and individual capacities,<br><br>Defendants. | Civil Action No. 4:20-cv-00020 |

## AGREED PROTECTIVE ORDER

WHEREAS, during the course of this action, the parties hereto may obtain or may have obtained, discovery of information which the party from whom discovery is sought considers to be confidential information, it is hereby ORDERED:

1. For the purpose of this Order, "CONFIDENTIAL INFORMATION" shall mean all material or information (in whatever form stored) which the producing party in good faith considers to contain, confidential information, whether embodied in documents, electronically stored information, or audio, video, photographs or things, or the deposition testimony of individuals, and which has been so designated by the producing party in the manner set forth hereafter. "CONFIDENTIAL INFORMATION" contained in physical objects or documents or videos or photographs or electronically stored information, including any transcripts, exhibits or discovery responses shall be designated by stamping or affixing thereto the legend "CONFIDENTIAL". "CONFIDENTIAL INFORMATION" contained in photographs, videos,

1

audios or such recorded forms shall be designated by affixing thereto, or otherwise labeling the item(s) with the legend "Confidential". Any information contained in any documents or electronically stored information, or copies thereof, or objects or videos or audio recordings or photographs so designated shall be handled in accordance with this Order.

It is further understood by the parties that documentation or information produced in this case (in whatever form such information is stored) which contains an individual's (whether a party or not) personal identifying information such as birth date, Social Security number, residence address, telephone number and/or email address or work schedule shall be considered "CONFIDENTIAL INFORMATION" and shall have such information redacted prior to the filing of said documentation or information.

2. For the purpose of this Order "qualified recipient" shall mean:

(a) the parties and any attorney employed or retained by the receiving party and assisting in connection with this action;

(b) a member of the paralegal, legal secretary, or legal clerical staff employed or retained by the attorneys of record for the receiving party and assisting in connection with this action;

(c) any independent consultant or outside expert retained or employed by the receiving party and his attorneys and assisting in connection with this action. Before "CONFIDENTIAL INFORMATION" is disclosed to any qualified recipient pursuant to this Section 2(c), the recipient shall be provided with a copy of this Order, be advised that the Order governs the use of all "CONFIDENTIAL INFORMATION", and shall agree in writing , a copy of which is to be retained by counsel, to abide by the terms of this Order.

(d) Members of the Plaintiff's family shall not be deemed "qualified recipients"

absent prior written agreement of the Defendant in this case.

3. "CONFIDENTIAL INFORMATION" shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for the purposes of this action, and shall not be disclosed to any person, other than the trial judge and jury, who is not a qualified recipient, except as hereinafter provided, except as hereinafter provided. All produced "CONFIDENTIAL INFORMATION" shall be carefully maintained so as to preclude access by any representative of the receiving party who is not a qualified recipient.

4. Nothing in this Order shall prohibit the transmission or communication of "CONFIDENTIAL INFORMATION" between or among qualified recipients by hand delivery, face to face conference, or;

    (a) In sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

    (b) By telephone, email, facsimile or other electronic transmission system; if under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

5. Upon final termination of this action, all information and other documents designated "CONFIDENTIAL", including any summaries or copies thereof, shall be returned to the party providing such information or destroyed by the qualified recipient.

6. Nothing contained in this order shall be construed to prejudice either party's right to use in open Court any document or ESI or audio or video or photograph or thing designated herein as "CONFIDENTIAL". Furthermore, nothing contained in this Order, nor any action taken in compliance therewith, shall operate as an admission by either party that any particular such document or ESI or audio or video or photo or thing is, or is not, admissible in evidence in

this action.

7. Any deposition taken in this action in which any information or document or other 'CONFIDENTIAL INFORMATION" identified above designated "CONFIDENTIAL" is or may be disclosed shall be attended only by the deponent and by qualified recipients and appropriate court or deposition reporters. All information disclosed in any transcripts made of such depositions shall be treated in accordance with the restrictions set forth in this Order. The deponent, if not a qualified recipient as described in Paragraph 2, prior to the commencement of his or her deposition, shall be given a copy of this Order and shall agree on the record to abide by its terms.

8. This order does not automatically seal court records in this case or apply to the disclosure of confidential discovery material at trial.

9. Maintenance of the confidential status of any information or document shall be subject to further order of this Court, and nothing herein shall preclude any party from applying to the Court for any modification of this Order as may be appropriate, or from challenging the designation of any document as "CONFIDENTIAL".

The Clerk shall send attested copies of this Protective Order to counsel of record.

ENTERED this 13th day of Aug., 2020.

_____
Judge

AGREED:


/s/ *Thomas N. Sweeney*
Thomas N. Sweeney, Esq. (VSB No. 94276)
MESSA & ASSOCIATES, P.C.
123 S. 22nd Street
Philadelphia, PA 19103
(215) 568-3500 Telephone
(215) 568-3501 Facsimile
tsweeney@messalaw.com
*Counsel for Plaintiff*


/s/ James A.L. Daniel
James A. L. Daniel, Esq. (VSB No. 03881)
Martha White Medley, Esq. (VSB No. 21171)
Michael A. Nicholas, Esq. (VSB No. 80749)
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Telephone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
*Counsel for Defendants*