CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 14 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ELIZABETH JONES, as Administrator of the Estate of Juan Markee Jones, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 4:20-cv-20 |
| v. | ) ) ) | |
| CITY OF DANVILLE, et al., | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendants filed a motion to strike certain portions of Plaintiff's Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Dkt. 8. Specifically, Defendants seek to strike portions of the Complaint that quote events from a fictional television series, paragraphs that relate to the Commonwealth's Attorney's investigation, and sections relating to autopsy results of Plaintiff's decedent. I find that certain paragraphs of the Complaint contain assertions that are impertinent and immaterial to any claim or defense asserted in this action and may prejudice Defendants. I grant the Motion to Strike in part, and direct that those portions of the Complaint be struck pursuant to Rule 12(f).

### **BACKGROUND AND LEGAL STANDARD**

Plaintiff, Elizabeth Jones, filed this action as the administrator of the Estate of Juan Markee Jones, deceased ("Jones") against the City of Danville, Virginia and two of its police officers. Plaintiff alleges that on April 8, 2018, Jones's girlfriend called 911 claiming that he assaulted her. The individual defendant Danville police officers encountered Jones in his vehicle. A short pursuit followed, during which Jones drove his vehicle into a wooded area and stopped.

Jones exited his vehicle at the officers' instruction. The officers attempted without success to disable Jones with a Taser. They then fatally shot Jones, striking him in the back and chest.

Plaintiff alleges several 1983 claims against the City of Danville and individual police officers for intentional deprivation of civil rights; use of excessive force; police brutality; and negligent training, supervision and retention, unconstitutional and inadequate policies, training and procedures (against the City of Danville only).  Plaintiff also brings a survival action under Va. Code § 8.01-25 and a Virginia wrongful death claim.  The case is before me on Defendants' motion to strike several paragraphs from the Complaint.

Federal Rule of Civil Procedure Rule 12(f) permits the court to strike from a pleading any matter that is redundant, immaterial, impertinent, or scandalous. "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded," and "impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed.). The function of a 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Gregory v. Belfor USA Grp., Inc., No. 2:12cv11, 2012 WL 2309054, at *1 (E.D. Va. June 15, 2012) (internal quotation omitted). "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993).  "The standard upon which a motion to strike is measured places a substantial burden on the moving party." Cameron v. MTD Prods., Inc., No. Civ.A.5:03 CV 75, 2004 WL 3256003, at *2 (N.D.W. Va. Jan. 7, 2004). Usually a motion to strike requires a showing that denial of the motion would prejudice the moving party. United States v. Gwinn, No. 5:06-cv-00267, 2006 WL 3377636, at *1 (S.D.W. Va. Nov. 20, 2006).

Although Rule 12(f) motions are generally viewed with disfavor, Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001), they are proper where "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Bailey v. Fairfax Cnty, No. 1:10-cv-1031, 2010 WL 5300874, *4 (E.D. Va. Dec. 21, 2010) (internal quotations omitted). Further, "[t]he disfavored character of Rule 12(f), however, is somewhat relaxed in the context of scandalous matter, and materials of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations." Thornhill v. Aylor, No. 3:15-cv-24, 2016 WL 258645, at *2 (W.D. Va., Jan. 20, 2016) (J. Conrad). A "scandalous" matter or pleading is one that casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court. Estate of Goldberg ex rel. Goldberg v. Nimoityn, No. 14-980, 2014 WL 6908013, at *12 (E.D. Pa. Dec. 8, 2014).

"[T]he decision of whether to strike all or part of a pleading rests within the sound discretion of the [c]ourt." Barnes v. Dist. of Columbia, 289 F.R.D. 1, 6 (D.D.C. 2012) (citations omitted).

## ANALYSIS

Defendants seek to strike twenty two paragraphs of the Complaint, which can be generally categorized into three sections: 1) paragraphs relating to the standards for police officers to justify use of force (¶¶ 1–11); 2) paragraphs relating to the Commonwealth Attorney's investigation of Jones' death (¶¶ 17–24, 65); and 3) paragraphs relating to Jones' autopsy results (¶¶ 61–62).[1]

---

[1] Plaintiff argues that Defendants' Motion to Strike should be deemed moot because Defendants filed an answer. This argument fails. Defendants filed their Answer after filing the Motion to Strike, although both pleadings were

Defendants contend that the allegations in the contested paragraphs are immaterial, unfounded, scandalous, and their purpose is to garner publicity and cast a derogatory light on Defendants.  Defendants assert that the contested paragraphs are prejudicial, but provide no specific basis or argument related to prejudice.

Plaintiff responds that the paragraphs at issue are relevant to the case because they reflect the propensity of police officers to justify the unconstitutional use of force by claiming fear for their own safety. Plaintiff asserts that the paragraphs relating to the Commonwealth's Attorney's investigation of Jones' death are factual statements, and it is not improper to include autopsy results in the Complaint.

Paragraph 1 of the Complaint recites the dialogue of a fictional television scene depicting police officer misconduct. The scene is imaginary and has no relationship to the events of this case or the claims raised by the Complaint. Plaintiff argues that the television scene is relevant because it reflects that certain police misconduct is so widely known that it is memorialized in a popular television show. Plaintiff's purpose in this regard is achieved through a later reference to the show in paragraph 8 of the Complaint. Reciting the fictional dialogue is immaterial and impertinent and may prejudice Defendants by causing confusion between fictional events and the real facts and claims in this case. Thus, paragraph 1 will be stricken from the Complaint.

Paragraphs 2 through 11 of the Complaint discuss legal precedent relating to the use of force by police officers, and generally allege that officers routinely defend unconstitutional use of force claims by asserting fear for their own safety.  While some of the paragraphs contain

---

filed on the same day.  When a motion to strike a complaint is filed contemporaneously with an answer, it is deemed timely. Chapman v. Duke Energy Carolinas, LLC, No. 3:09-CV-37RJC, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009).

provocative and inflammatory language, I find that they have some relation to the issues in this case; namely, the standards for police use of force, and decline to strike them from the Complaint.

Paragraphs 18, 19, 20, 22 and 65 relate to the Commonwealth's Attorney's investigation into Jones' death. The Commonwealth's Attorney is not a defendant in this action and his investigation is not an issue in this case. Plaintiff's assertions that the Commonwealth's Attorney "found nothing wrong with the officers' conduct," "commended" the officer's actions, and "was untroubled" by the shooting of an unarmed man in the back are speculative, and may prejudice Defendants by invoking allegations that are not relevant to this litigation. These paragraphs disparaging the actions, thoughts and motives of the Commonwealth's Attorney, a non-party to this case, are immaterial and impertinent in this case and will be stricken from the Complaint. See Asher & Simons, P.A. v. J2 Global Canada, Inc., 965 F. Supp. 2d 701, 702 (D. Md. 2013) ("[T]he disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations, *i.e.*, those that improperly cast a derogatory light on someone.")

The remaining paragraphs that Defendants seek to strike have some relation to the facts and claims in this case, and thus do not meet the high burden necessary to justify striking them from the Complaint. While several of the remaining paragraphs at issue are conclusory and/or immaterial, they are not so egregious or scandalous such that they will cause prejudice to Defendants. "Even when 'technically appropriate and well-founded,' motions to strike are often 'denied in absence of demonstrated prejudice to the moving party.'" Hooper v. BWXT Gov't Grp, Inc., No. 6:16-cv-37, 2016 WL 6538000, at *2 (W.D. Va. 2016) (citing Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993)). Accordingly, I decline to strike paragraphs 2–11, 17, 21, 23, 24, 61 and 62 from the Complaint.

## CONCLUSION

Defendants' motion to strike is **GRANTED in part** and **DENIED in part** for the reasons outlined above. I hereby **ORDER** that paragraphs 1, 18, 19, 20, 22 and 65 be stricken from the Complaint.

Entered: October 14, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge